UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY PENN,

    *Plaintiff*,

CASE NO. 11-CV-10800

*v.*

DISTRICT JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE CHARLES BINDER

DEPUTY EVANS, *et al.*,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Tony Penn is a state prisoner who is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. On February 14, 2011, Plaintiff filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Michigan. On February 28, 2011, it was transferred to this district where venue is proper. Plaintiff's application to proceed without prepayment of fees was granted on March 1, 2011, and on March 17, 2011, U.S. District Judge George Caram Steeh referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C.

§§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a

showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C. The Complaint

Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated while he was incarcerated in February 2009 at the Wayne County Jail in Detroit, Michigan. (Compl. at 3.) Plaintiff alleges that despite the fact that he was in his fifth month of recovering from a gunshot wound, he was not allowed to use a wheelchair or crutches, which left him "crippled and unable to move around, or at least without severe pain, that has hampered his rehabilitation." (*Id.*) Plaintiff also asserts that he was subjected to rude comments and other acts of retaliation when he filed a grievance. (*Id.* at 3-4.) As defendants, he names six police officers who worked at the jail: Deputy Evans, Sergeant Florios, Deputy Kish, Corporal Kozlowski, Sergeant Praedel, and Deputy Polocos. (*Id.* at 2-2B.)

### D. Analysis & Conclusion

I suggest that Plaintiff's complaint is subject to *sua sponte* dismissal because Plaintiff has not alleged that any particular defendant took any action that was in violation of Plaintiff's rights. In a civil rights case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant).

Here, none of the defendants are even mentioned in the body of the complaint. The only reference to them is when Plaintiff lists them in the section of the form complaint reserved for listing the names of defendants. The body of the complaint merely refers to them as a group, such as when Plaintiff alleges that "the officers had made several comments that 'they do not care if he is a cripple.'" (Compl. at 3.) This method of pleading fails to state a claim because "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). *See also Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). This rule is strictly followed in this district. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010) ("The Court does not have discretion to allow prisoners filing suit *in forma pauperis* to amend their complaint to avoid *sua sponte* dismissal . . . ."); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009) ("prisoners may not alter or amend their complaints to avoid a summary dismissal"); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). Furthermore, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

4

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1).

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                         s/ Charles E Binder
                                         CHARLES E. BINDER
Dated: March 21, 2011                      United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Mr. Tony Penn, #587766, at Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI, 48846-8647, and served on District Judge Steeh in the traditional manner.

Date:  March 21, 2011                By     *s/Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder